NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3070
_____

TIMOTHY SHOCKLEY

v.

GOVERNOR RUTH ANN MINNER, INDIVIDUALLY;
COLONEL THOMAS F. MACLEISH, IN HIS OFFICIAL CAPACITY AS THE
SUPEINTENDENT, DELAWARE STATE POLICE;
DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY
AND HOMELAND SECURITY, STATE OF DELAWARE,

Governor Ruth Ann Minner,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 06-cv-478)
District Judge: Honorable Joseph J. Farnan, Jr.
_____

Argued October 3, 2011

Before: MCKEE, Chief Judge, and FUENTES and COWEN, Circuit Judges

(Opinion Filed: October 18, 2011 )

Barry M. Willoughby, Esq. (**ARGUED**)
Lauren E. Moak, Esq.
Teresa A. Cheek, Esq.
Margaret M. DiBianca, Esq.
Young Conaway Stargatt & Taylor, LLP
1000 West Street, 17th Floor
Wilmington, Delaware 19899

Counsel for Appellant

Stephen J. Neuberger, Esq. (**ARGUED**)
Thomas S. Neuberger, Esq.
The Neuberger Firm, P.A.
2 East 7th Street, Suite 302
Wilmington, Delaware 19801

Counsel for Appellee

_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

Corporal Timothy Shockley brought this case pursuant to 42 U.S.C. § 1983, alleging that former Delaware Governor Ruth Ann Minner discriminated against him on the basis of his gender in violation of the Equal Protection Clause of the Fourteenth Amendment. In essence, Corporal Shockley alleges that Governor Minner vetoed his promotion to the rank of sergeant and the command of her security detail solely because she wanted a woman to become the non-commissioned officer in charge of the detail. Governor Minner moved for summary judgment before the District Court, claiming, among other things, qualified immunity. The District Court denied the motion, and Governor Minner has appealed the denial of her claim of qualified immunity. We affirm.[1]

_____

[1] The District Court had jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1343(a)(3). To the extent that it turns on an issue of law, a district court's denial of a claim of qualified immunity is immediately appealable under the collateral order doctrine as a "final decision" within the meaning of 28 U.S.C. § 1291. Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). On such an interlocutory appeal, we review "not which facts the

2

We write only for the parties and assume their familiarity with the factual background of this case, which is carefully set forth in the District Court's opinion. See Shockley v. Minner, 726 F. Supp. 2d 368, 370-73 (D. Del. 2010).

Governor Minner argues on appeal that she is entitled to qualified immunity because even if she made the contested promotional decision on the basis of gender—which she denies—such conduct did not violate clearly established statutory or constitutional rights of which a reasonable official would have known. See Pearson v. Callahan, 555 U.S. 223, 231 (2009). In particular, Governor Minner argues that because it is sometimes permissible to consider gender among other factors as part of an affirmative action plan to advance equal employment opportunity, see generally Johnson v. Transportation Agency, Santa Clara County, 480 U.S. 616 (1987), it was not clearly established that promoting a female officer over Corporal Shockley on the basis of gender violated his rights. Corporal Shockley responds that no affirmative action plan was in place and that no such plan could lawfully have authorized promotion decisions *solely* on the basis of gender. He relies in part on a statement that he alleges Governor Minner made to Colonel L. Aaron Chaffinch, then Superintendent of the Delaware State Police, in which she expressly vetoed Corporal Shockley's promotion, commenting that another officer was going to be the first female non-commissioned officer in charge of her security detail. Both Governor Minner and Colonel Chaffinch deny this allegation.

parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established' law." Johnson v. Jones, 515 U.S. 304, 311 (1995); see Forbes v. Township of Lower Merion, 313 F.3d 144, 147 (3d Cir. 2002). We exercise plenary review over this question of law. See Williams v. Bitner, 455 F.3d 186, 190 (3d Cir. 2006).

3

After carefully reviewing the submissions of the parties, we find no basis for disturbing the District Court's conclusion that, given the genuine issues of material fact it had determined existed, an award of qualified immunity at summary judgment was inappropriate. If a jury accepted Corporal Shockley's version of events, it could find that Governor Minner's conduct violated his clearly established rights under the Fourteenth Amendment. As the District Court observed, "[t]he general right . . . to be free of discrimination based upon sex in the workplace[] was well grounded in law and widely known to the public by 1986," well before the events underlying this action. Andrews v. City of Philadelphia, 895 F.2d 1468, 1479 (3d Cir. 1990). It was equally apparent that this right extended to male employees. Duffy v. Wolle, 123 F.3d 1026,1035 (8th Cir. 1997); see also Hope v. Pelzer, 536 U.S. 730, 741 (2002) (noting that a right is clearly established where a general constitutional rule already identified applies with obvious clarity to the conduct in question). We therefore affirm the order denying summary judgment on the basis of qualified immunity substantially for the reasons set forth in the District Court's opinion. See Shockley, 726 F. Supp. 2d at 379-80.